959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otha Thomas RHODES, Plaintiff-Appellee,
v.
Raoul LINN, Defendant,
and
City of El Monte, Defendant-Appellant.
 No. 89-55543.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1991.
Decided April 1, 1992.
 
 Before BOOCHEVER, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The City of El Monte appeals the district court's denial of its motion for judgment notwithstanding the verdict ("JNOV") following a jury's verdict holding the City liable for injuries allegedly sustained by Otha Thomas Rhodes at the hands of officers of the El Monte Police Department. The City argues that no reasonable jury could have found it liable under 42 U.S.C. § 1983 for causing Rhodes' injuries through a policy that sanctioned police misconduct, because the trial judge had found the evidence insufficient to show that the alleged final policymaker of the El Monte Police Department promulgated or acquiesced in such a policy. It also argues that there was insufficient evidence for a reasonable jury to have found that the City conspired to deprive Rhodes of his rights because of his race, in violation of 42 U.S.C. § 1985. Finally, it asserts that no reasonable jury could have found it liable for violations of state law under a theory of respondeat superior when each of its agents was either dismissed from the case or found not liable. Because we find the evidence sufficient to hold the City liable under section 1983, we need not consider the evidence supporting the section 1985 and state law claims.
 
 
 3
 * Standard of Review
 
 
 4
 JNOV is proper only when a court finds, without accounting for the credibility of witnesses, that the evidence, considered as a whole and viewed in the light most favorable to the non-moving party, can only support a verdict for the moving party. It is inappropriate when there is substantial evidence supporting a verdict in favor of the non-moving party. The Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1151 (9th Cir.1988). Employing this standard, we review a district court's refusal to grant a JNOV de novo. Los Angeles Memorial Coliseum v. National Football League, 791 F.2d 1356, 1360 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987).
 
 II
 The City's Liability Under Section 1983
 
 5
 In Monell v. Department of Social Serv., 436 U.S. 658, 690-95 (1978), the Supreme Court made clear that a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See 436 U.S. at 691. Rather, the municipality may be held liable only when the employee's unconstitutional conduct either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or follows a custom so well-settled that it represents official policy. Id. at 690-91.
 
 
 6
 Rhodes has alleged that his injuries were caused by the City's policies regarding the investigation of complaints about police misconduct. These policies, he has maintained, "have the effect of insulating officers from accountability for serious misconduct." The jury was instructed, consistent with Monell, that in order to hold the City liable for Rhodes' injuries it had to find that the City either officially adopted a policy or acquiesced in a custom of concealing policy misconduct, and thereby caused those injuries. The City urges that the jury's verdict was unreasonable because the judge had dismissed each of the defendants who could have been ultimately responsible for such a policy and because the jury had found officers Linn and Leonard not liable.
 
 
 7
 * It is easy to dismiss the City's argument that it was unreasonable for the jury to find in favor of officers Linn and Leonard and nevertheless impose section 1983 liability on the City. The City suggests that the verdict in favor of the officers demonstrates that the jury found Rhodes did not suffer damages. But our ability to draw specific conclusions from general jury verdicts is limited.
 
 
 8
 Here, there are two alternative explanations for the jury's verdict, each as plausible as that offered by the City. First, there was some evidence that Rhodes was attacked not by two officers but by several. The jury may have found the evidence sufficient to show that Rhodes was physically and verbally abused by one or more officers, but insufficient to identify officers Linn and Leonard as the perpetrators. Second, the jury was appropriately instructed that it should not hold the officers liable if it found that the officers reasonably believed their conduct was lawful. See Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988). Indeed, the jury was specifically instructed that it could hold the City liable for its own conduct even if it found that the officers were immune from liability.
 
 B
 
 9
 The City also argues that it was unreasonable for the jury to find it liable because the judge made an offhand remark that he thought the evidence insufficient to connect the Chief to a policy. The Supreme Court has adhered to the position that municipal liability under section 1983 attaches only where a policy or custom can be ascribed to "the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986) (plurality opinion); see also Jett v. Dallas Indep.Sch.Dist., 491 U.S. 701, 737 (1989); St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality opinion). Thus, if the jury had found that the Chief neither formulated a policy nor acquiesced in a custom, it would not have been reasonable for it to hold the municipality liable. But neither the jury nor the judge made any such finding. The Chief was dismissed on procedural grounds, and there is no requirement that the jury must hold the policymaker liable in order for it to hold the municipality liable. See Owen v. City of Independence, 445 U.S. 622 (1980) (jury may hold municipality liable even if it finds that policymaker is protected by qualified immunity).
 
 
 10
 The judge's remarks on the evidence do not constitute a finding and are therefore irrelevant to our inquiry. Our only concern is whether the jury, given the evidence it heard and the instructions it received, could reasonably have found the City liable. The judge concluded that there was sufficient evidence for the jury to find that the Chief had acquiesced in a custom for which the City could be held liable, and he instructed the jury accordingly. Instruction number 54 states:
 
 
 11
 To establish a custom, the plaintiff must prove that a practice of defendant City of El Monte officials and employees is so persistent, widespread, and so common and well settled as to fairly represent official policy. It must be a custom of which the managing agents of the El Monte Police Department had actual or constructive knowledge.
 
 
 12
 The jury was, therefore, instructed that it could hold the City liable if it found that Chief Clayton had acquiesced in a department custom of permissiveness towards, perhaps quiet sanction of, police misconduct. The only question left for us to consider is whether the evidence was sufficient for the jury to make such a finding. We hold that it was.
 
 
 13
 Rhodes presented the jury with evidence of numerous procedures within the department demonstrating a conscious decision on the part of the City to avert its eyes to the misconduct of its police officers. First, the form on which complaints against officers must be set out warns potential complainers that it is a violation of the law to make a false complaint, but there is no similar inscription on the form used for non-police complaints. Second, the City allows "watch commanders" to reject citizen complaints. Third, the City will not investigate allegations of misconduct if a criminal charge that arose from the incident is pending, a practice that conceivably encourages abusive officers to level false criminal charges in order to forestall an investigation into their conduct. Fourth, although witness reports are generally sufficient to cause the department to initiate criminal investigations, the department will not investigate a report of police misconduct unless the victim of the misconduct comes forward. Fifth, the department does not record intentional tort judgments entered against police officers, thereby limiting the ability of individuals charged with battery upon an officer to obtain evidence with which to rebut the charge and decreasing the department's ability to monitor whether officers are respecting the rights of El Monte's citizens. Sixth, although ordinary investigations are facilitated by the use of "rap sheets" describing a suspect's arrest record, no similar use is made of an officer's complaint, tort claim, or litigation history in investigations of police misconduct. Seventh, a citizen cannot make a criminal charge against an officer; all complaints are designated administrative, and are reported as such to the California Department of Justice by the investigating officer. Eighth, no independent body evaluates the evidence turned up in an investigation of alleged police misconduct. Finally, Chief Clayton testified that when evidence from an investigation supports the citizen complaint, but the officers involved deny the allegations, the complaint is usually disregarded.
 
 
 14
 We find this evidence ample to support a finding that Chief Clayton, as policymaker for the El Monte Police Department, acquiesced in a custom of complacency, if not hostility, towards allegations of misconduct by the department's officers and that this custom caused the injuries suffered by Otha Rhodes. Whatever the trial judge may have concluded about Chief Clayton's responsibility for a policy, he clearly instructed the jury that if it found the Chief had acquiesced in a custom, it could hold the City liable. Given the evidence supporting such a finding, it was proper for the trial court to deny the motion for JNOV. The order of the district court is therefore, AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3